UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JODY L. NAVE, JR.,

      Petitioner,

v.                                            Case No. 5:20-cv-403-Oc-34PRL

WARDEN, FCC COLEMAN - USP II

      Respondent.
_____

## **ORDER**

      Petitioner Jody Nave, a federal prisoner proceeding pro se, filed via mailbox rule a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition; Doc. 1) on August 18, 2020. This matter is before the Court for a preliminary review under 28 U.S.C. § 2243, which provides that a court need not seek a response from a respondent when it is clear on the face of the petition that a petitioner is not entitled to relief. In the Petition, Nave challenges Respondent's denial of his request for compassionate early release due to the Covid-19 pandemic. Petition at 2.

      The First Step Act went into effect on December 21, 2018. See FSA of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Before the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either on a motion of the Director of the BOP "or

upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Accordingly, Nave's request for compassionate release must be filed in the sentencing court. See id.

For these reasons, the Court dismisses the instant Petition without prejudice. Additionally, the Court concludes that reasonable jurists would not find the Court's treatment of any of Nave's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Thus, the Court denies a certificate of appealability.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The Court **DENIES** a certificate of appealability.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motion, and close this case.

**DONE AND ORDERED** in chambers, this 3rd day of September, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax - 8

c:   Jody L. Nave, Jr. #40205-424